IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
***** Harrisonburg Division *****

CLERK'S OFFICE U.S. DIST. COURT
HARRISONBURG, VA
FILED

NOV 18 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

DAVID B. BRIGGMAN, :
:
Plaintiff :
:
v. :  Case No. 5:21CV00074
:
TIMOTHY A. MARTIN :
(Both individually and in his official capacity as :
Commonwealth Attorney for Augusta County, VA), :
:
Defendant. :

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATION

1.     This action challenges the constitutionality of an Act of the Virginia General Assembly more particularly known as § 18.2-186.4 of the Code of Virginia[1], which became effective on July 1, 2001. The Act creates a Class One (1) misdemeanor for one who is alleged to have "with the intent to coerce, intimidate, or harass another person, to publish the person's name or photograph along with identifying information as defined in clauses (iii) through (ix), or clause (xii) of subsection C of § 18.2-186.3,[2] or identification of the person's primary residence address. Any person who violates this section is guilty of a Class 1 misdemeanor."

---

[1] A copy the statute containing the current language as enacted is attached hereto as Exhibit "A".

[2] A copy the statute containing the current language as enacted is attached hereto as Exhibit "B".

## JURISDICTION

2.      Jurisdiction is conferred on this Court by existence of a federal question and questions arising under particular statutes, to wit, the First and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. §§ 1983, 1988.

3.      Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

4.      Plaintiff is a citizen and resident of Rockingham County, Virginia and maintains a presence on both Facebook and on Twitter, which pages in part disseminate to both his "friends and followers" and other unknown, interested parties on those platforms information relating to lawsuits and investigations of his former employer, Nexus Services Inc., and the owners and senior officers of that company and their related businesses.

5.      Defendant Timothy A. Martin is the elected Augusta County Commonwealth Attorney. He is the chief law enforcement officer of Augusta County and is specifically vested with the authority to enforce § 18.2-186.4 of the Code of Virginia through his office.

## FACTS ALLEGED

6.      Plaintiff has been publishing court documents relating to Nexus Services and related entities on his social media pages since approximately April of 2017 relating to the illegal conduct of Nexus Services and related entities, the owners of the company (Michael Paul Donovan aka Micheal Paul Donovan) and many senior company officials including, but not limited to Erik Schneider, Tim Okonski, Evan Ajin, Rebecca Neal, and others. The Plaintiff alleges that the purpose of publishing the information is to educate and inform the community about the criminal and administrative investigations this company is being subjected to, in the absence of local media which has largely ignored the many actions being brought against this

criminal enterprise, which has continued to commit large numbers of criminal offenses in our community with impunity. Briggman also provides such information to attorneys who are on the side opposite Nexus in civil actions with Nexus.

7.       On November 13, 2021, Michael Paul Donovan aka Micheal Paul Donovan, appeared before a 25th Judicial District Magistrate believed to Brittany Davis and filed a Criminal Complaint[3] with that Magistrate alleging that "[O]n June 11, 2021 Briggman published to his Facebook page a series of documents from a civil case which contained personal identifiable information, including my residential address. Briggman has a history publishing pictures of my house and other information to harass me. Briggman uses these posts to harass, intimidate, and create fear."

8.       On November 15, 2021, Plaintiff was arrested[4] on this charge which apparently triggered an additional charge of a violation of the bogus, but very real preliminary protective order against Plaintiff.

9.       This arrest is the latest in a string of **NINE** criminal charges that have ended up in Augusta County General District Court, all of which charges which have been taken to trial, have been resolved in a manner "not unfavorable" to the Plaintiff. The statute, § 18.2-186.4 appears to criminal statute of a similar construct to § 59.1-443.2, which statute was declared to be largely unconstitutional by the Eastern District of Virginia in *Ostergren v. McDonnell,* 643 F.Supp.2d 758 (2011), which ruling was upheld by the 4th Circuit Court of Appeals.

---

[3] A copy of the criminal complaint submitted to the Magistrate which has caused the arrest of the Plaintiff on a charge of violation § 18.2-186.4, and apparently triggered a charge of violating a protection order against the Plaintiff pursuant to § 18.2-60.4 of the Code of Virginia is attached hereto as Exhibit "C".

[4] A copy of the warrant which caused the arrest of the Plaintiff is attached hereto as Exhibit "D".

10.     Furthermore, the Attorney General and Ostergren entered into a Consent Order[5] agreeing to permanently enjoin the Attorney General's Office from enforcement of § 59.1-442.3, if Ostergren published Social Security Numbers that

A.     were obtained from a government website outside of Virginia;

B.     were obtained from a Virginia secure remote access website prior to the completion of redaction;

C.     were obtained from a Virginia secure remote access website that has not completed redaction; or

D.     were obtained from a Virginia secure remote access website and contain a Social Security Number that was overlooked during the redaction process and has not yet been redacted by the state.

11.     In the instant charge, the Plaintiff has been arrested because he republished a document from *this very court,* in RLI *Insurance Company v. Nexus Services, Inc.,* 5:18-cv-00066, specifically it is believed to be ECF #678-2.[6] The actual post[7] contains the wording "BREAKING NEWS: RLI charges Nexus with Contempt, again, and seeks post-judgment to pierce the corporate veil and seize for Donovan's and Moore's personal assets.

12.     This is not the first charge causing Plaintiff to have to answer charges in Augusta County on grounds that he merely republished a court document. Plaintiff currently stands charged under § 18.2-499 for an having posted a copy of the lawsuit filed by Micheal Donovan[8] (an alias he uses to conceal the actual spelling of his first name). In that case Donovan alleges a

---

[5] A copy of the Consent Order entered into by the Attorney General of Virginia is attached hereto as Exhibit "E".

[6] *RLI Insurance Company v. Nexus Services, Inc.,* 5-18-cv-00066, ECF 678-2, is attached hereto as Exhibit "F".

[7] The actual post is attached hereto as Exhibit "G".

[8] A copy of that lawsuit is attached hereto as Exhibit "H".

conspiracy between the Plaintiff and a resident of Scotland who reposted the very same lawsuit Donovan filed on his Twitter feed in Scotland.

13.     Plaintiff asserts that the specific purpose and intent of the statute is to compel criminalize the republication of documents, ostensibly where the intent is to "coerce, intimidate, or harass" a person, but where the information can be easily obtained with a few stokes of a keyboard. In this instance, Plaintiff lawfully obtained and ***PAID FOR*** the document in question form PACER. Further, Augusta County makes this information easily accessible by the GIS (Geographic Information Systems) website[9] where your Plaintiff simply searched on Donovan's name and his home address was returned, along with the address of the lot that adjoins his house and a picture of both.[10] Additionally, a search of the Virginia Mass Appraisal Network[11] using Donovan's name returned the street address of Donovan's home, along with the assessed value.[12]

14.     Upon information and belief, unless restrained by order of the Court, the Defendant will perform their official duties to ensure that the Act is enforced and will proceed with the criminal prosecutions of the Plaintiff as such cases remain on the active docket of the Augusta County General District Court, or alternatively will just opt not to enter an appearance as the Office of the Commonwealth Attorney is not required to prosecute misdemeanor cases under Virginia law, which would leave the Plaintiff to be prosecuted by the complainant himself on a clearly unconstitutional statute. Such prosecution under this statute is clearly designed to chill the First Amendment rights secured to the Plaintiff by the Constitution of the United States

---

[9] Located at https://augustacountyva.maps.arcgis.com/apps/webappviewer/index.html , last accessed November 17, 2021.

[10] A copy of the search results from the GIS system is attached as Exhibit "I".

[11] Located at http://www.vamanet.com/cgi-bin/MAPSRCHPGM?LOCAL=AUG , last accessed November 17, 2021.

[12] A copy of the search results from VAMANet is attached hereto as Exhibit "J".

leaving him with the option to publish and risk up to 12 months in jail and up to a $2500 fine, or

to "shut up and sit down". This statute affects not only the Plaintiff, but also similarly-situated

citizens who publish what they contend is newsworthy information to their respective

communities and friends.

## COUNT I
## DECLARATORY JUDGMENT, CIVIL RIGHTS AND FREE SPEECH

15.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202,

of an actual substantial justiciable controversy as alleged in paragraphs 1 through 14, set forth

above. Plaintiff seeks judgment that the Act, commonly known as § 18.2-186.4 of the Code of

Virginia is unconstitutional, both facially and as applied to the Plaintiff and his social media

posts, because the Act violates Plaintiff's (and all persons') right of free speech guaranteed by

the First and Fourteenth Amendments to the United States Constitution for the following reasons

(and additional reasons not listed):

A.     The Act is an impermissible content-based regulation of speech. The Act

specifically prohibits the publication of information about "ordinary citizens" and enhances the

crime to a felony if the information posted relates to law enforcement officers as Virginia defines

them in §9.1-101 of the Code of Virginia.[13] Such information is legal to publish in other

---

[13] "Law-enforcement officer" means any full-time or part-time employee of a police department or sheriff's office which is a part of or administered by the Commonwealth or any political subdivision thereof, or any full-time or part-time employee of a private police department, and who is responsible for the prevention and detection of crime and the enforcement of the penal, traffic or highway laws of the Commonwealth, and shall include any (i) special agent of the Virginia Alcoholic Beverage Control Authority; (ii) police agent appointed under the provisions of § 56-353; (iii) officer of the Virginia Marine Police; (iv) conservation police officer who is a full-time sworn member of the enforcement division of the Department of Wildlife Resources; (v) investigator who is a sworn member of the security division of the Virginia Lottery; (vi) conservation officer of the Department of Conservation and Recreation commissioned pursuant to § 10.1-115; (vii) full-time sworn member of the enforcement division of the Department of Motor Vehicles appointed pursuant to § 46.2-217; (viii) animal protection police officer employed under § 15.2-632 or 15.2-836.1; (ix) campus police officer appointed under Article 3 (§ 23.1-809 et seq.) of Chapter 8 of Title 23.1; (x) member of the investigations unit designated by the State Inspector General pursuant to § 2.2-311 to investigate allegations of criminal behavior affecting the operations of a state or nonstate agency; (xi) employee with internal investigations authority designated by the Department of Corrections pursuant to subdivision 11 of § 53.1-10 or by the Department of Juvenile Justice pursuant to subdivision A 7 of § 66-3; or (xii) private police officer

contexts, such as in collection of debts, testimony in court, and reporting of news. Such content-based regulations of speech and expressive conduct are presumptively invalid.

        B.      The Act's enhanced punishment solely law enforcement officers. Statutes protecting specific groups from alleged offensive speech violate the First Amendment.

        C.      The Act is not viewpoint-neutral. The Act focuses on the intent of the publisher, rather than the actual effect of the speech. The Commonwealth of Virginia may not regulate speech based on hostility, or favoritism, towards the underlying message expressed or the identity of the person speaking.

        D.      The Act suppresses truthful information of interest to the public. The First Amendment prohibits any attempt to punish the publication of lawfully obtained, truthful information about a matter of public interest absent a need to further a state interest of the highest order. No state interest of the "highest order" can be shown because the same information is widely available through local, state and federal sources and in the private marketplace, and the publication of such information is not prohibited or regulated by the Act.

        E.      The Act permits the prior restraint of speech by causing criminal prosecutions for those who simply republish information that all levels of government disseminate freely, and often without cost. The Act places an instrument of punishment and censorship in the hands of the prosecuting attorney or any person affected. Such governmental censorship power is inimical to protection of free expression.

        F.      The Act prohibits speech that does not constitute a clear and present danger and is permitted under the U.S. Constitution. Government may not proscribe advocacy of

---

employed by a private police department. Part-time employees are those compensated officers who are not full-time employees as defined by the employing police department, sheriff's office, or private police department.

even illegal activities except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.

        G.     The Act singles out speech on a particular subject for a financial burden that is it places on no other speech, which is presumptively inconsistent with the First Amendment.

       16.     Plaintiff seeks further redress against enforcement of the Act pursuant to 42 U.S.C. § 1983. The Defendant's actions in suppressing Plaintiff's social media posts will deprive Plaintiff of his rights, privileges and immunities secured by the Constitution and Laws, as described above. Furthermore, the Defendant's unconstitutional actions are taken under color of state law, in violation of 42 U.S.C. § 1983.

**COUNT II**
**DECLARATORY JUDGMENT, CIVIL RIGHTS, DUE PROCESS**

       17.     Plaintiff incorporates by reference paragraphs 1 through 16, set forth above.

       18.     Plaintiff further seeks declaratory judgment that the penalty provisions of the Act deprive Plaintiff and all other persons in Plaintiff's position of due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

       19.     Plaintiff seeks further redress against enforcement of the Act pursuant to 42 U.S.C. § 1983. The Defendant's actions in suppressing Plaintiff's social media posts will deprive Plaintiff of his rights, privileges and immunities secured by the Constitution and Laws, as described above. Furthermore, the Defendant's unconstitutional actions are taken under color of state law, in violation of 42 U.S.C. §1983.

**COUNT III**
**INJUNCTIVE RELIEF, IRREPARABLE HARM**

       20.     Plaintiff incorporates by reference paragraphs 1 through 19, set forth above.

21.     If the Act is allowed to continue in effect or be enforced, Plaintiff and all other persons similarly situated will be subjected to immediate and irreparable injury for which no adequate remedy at law exists in the following respects:

A.     Plaintiff will be forced to refrain from informing the general public about the many lawsuits and investigations which surround Nexus Services, a criminal enterprise clearly operating with impunity in the community. The purposeful unconstitutional suppression of speech constitutes irreparable harm. Loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury, as does the unconstitutional threat of fines or imprisonment and even the need to pay attorneys for legal representation to defend against this unconstitutional statute and other charges brought against this Plaintiff solely for the republication of legal pleadings, obtained legally, which contain information easily obtainable even without payment from websites controlled by Augusta County and others.

B.     Plaintiff faces the possibility of criminal fines of up to $2,500 and the possibility of 12 months of imprisonment should he fail to comply with the Act.

C.     Plaintiff and similarly situated persons will be forced to censor their speech and free speech rights thus will be chilled; and

D.     A gross, unnecessary waste of public funds and court time will occur if the Act is brought into numerous courts and challenged therein.

E.     Plaintiff would have challenged the Act in the General District Court for Augusta County, however, Plaintiff would have been subjected to possible arrests in other jurisdictions where the complainant could allege the same set of facts to another Magistrate, perhaps in the 26th District, which could cause the arrest of the Plaintiff in another jurisdiction.

WHEREFORE, the Plaintiff respectfully requests that this Court to:

1.     To issue a temporary restraining order and/or preliminary injunction restraining Defendant, his employees, agents and successors, and criminal complainants from enforcing and executing the Act;

2.     To enter judgment declaring the Act to be in violation of the United States Constitution and 42 U.S.C. § 1983, and permanently enjoining the Commonwealth of Virginia from the enforcement of its provisions;

3.     For fees and costs as provided by 42 U.S.C. § 1988; and

4.     To grant such other and further relief as this Court shall find just and proper.

## VERIFICATION

I, David B. Briggman, hereby verify that the foregoing is true and correct to the best of my knowledge and ability.

DATED: NOVEMBER 18, 2021

Respectfully submitted,

DAVID B. BRIGGMAN, Plaintiff, *Pro Se*
7556 Mountain Valley Road
Keezletown, Virginia 22832
(540) 246-5252
briggman@gmail.com