IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID B. BRIGGMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:21-cv-00074 |
| ) | |
| TIMOTHY A. MARTIN and ) | By: Elizabeth K. Dillon |
| MARK HERRING, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Pro se plaintiff David Briggman has sued Augusta County Commonwealth Attorney Timothy Martin and Attorney General Mark Herring, moving for a preliminary injunction against Martin from enforcement of Virginia Code § 18.2-186.4 against plaintiff. (Dkt. Nos. 2, 10.) Martin moves to dismiss based on the *Younger* abstention doctrine. (Dkt. No. 20.)

For the reasons that follow, the court will grant defendant's motion to dismiss.[1]

I.  BACKGROUND

Briggman was formerly an employee at Nexus Services. Since leaving Nexus, Briggman has been on a crusade to inform the community about what he believes to be the unsavory practices at Nexus, which he describes as a criminal enterprise. Briggman uses social media platforms to publicize litigation involving Nexus and its senior officials. Specifically, Briggman obtains court documents from publicly accessible websites and posts them to his social media pages. Sometimes, these documents are unredacted, resulting in home addresses and social security numbers being published on Briggman's social media sites.

In November 2021, two Nexus employees, Micheal Donovan and Richard Moore, filed

---

[1] After the hearing on the motion to dismiss, Briggman filed a motion to stay the service deadline on the Attorney General (Dkt. No. 28) and a motion for leave to file a third amended complaint (Dkt. No. 32). The court will dismiss these motions without prejudice in light of the court's dismissal pursuant to the *Younger* doctrine.

criminal complaints against Briggman for violating Virginia Code § 18.2-186.4. This code section makes it unlawful to publish a person's name, photograph, or home address when the publisher acted "with the intent to coerce, intimidate, or harass another person." *Id.* Donovan and Moore contend that Briggman published court documents with their personal information because Briggman wanted to harass or intimidate them.

The criminal complaints were brought before a magistrate who made a probable cause determination. It is unknown whether the Commonwealth's Attorney will prosecute the complaints against Briggman. Plaintiff concedes that he can only proceed against Martin in his official capacity

## II. ANALYSIS

### A. Motion to Dismiss

Martin moves to dismiss under Rule 12(b)(6) based on the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Courts in this circuit tend to analyze *Younger* motions under Rule 12(b)(1) instead of Rule 12(b)(6). *See, e.g.*, *Kawai v. UaCearnaigh*, 249 F. Supp. 3d 821, 822 (D.S.C. 2017) (granting motion to dismiss under Rule 12(b)(1) to the extent it will abstain from exercising jurisdiction under the *Younger* abstention doctrine); *but see, e.g., Knox v. Union Twp. Bd. of Educ.*, Civ. No. 2:13-5875 (KM) (MAH), 2015 WL 769930, at *5 n.7 (D.N.J. 2015) ("Strictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6). A *Younger* motion to dismiss is in the nature of a 12(b)(6) motion in that matters outside of the pleadings are not to be considered."). The distinction is not material because Martin does not rely on matters outside the pleadings in support of his motion.

### B. *Younger* Abstention

Under the *Younger* abstention doctrine, interests of comity and federalism counsel federal

courts to abstain from exercising jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests. *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984). *Younger* applies "when the requested relief would interfere with (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). These requirements are satisfied in the instant case.

A court should disregard *Younger*'s mandate only where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury. *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Plaintiff argues that the bad faith exception to *Younger* applies here. Plaintiff asserts that the voluminous number of criminal charges and civil actions brought against him and his wife are not made with any expectation of securing valid convictions but, rather, are part of a plan to employ arrests, seizures, and prosecutions under color of state law to harass plaintiff and drain his assets. Bad faith in this context requires that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brandon*, 804 F.2d 274, 278 (4th Cir. 1986). While Briggman alleges that two prior prosecutions have been disposed of in his favor, this does not mean that the Commonwealth Attorney does not have a reasonable expectation of obtaining a valid conviction these prosecutions go forward. Of note, these charges only made their way to the Commonwealth Attorney after a probable cause determination by a magistrate. Moreover, Martin

3

did not initiate these charges in the first instance.  If anyone is acting in bad faith, it would be the persons bringing the charges – Donovan and Moore, not the Commonwealth Attorney, who has yet to decide whether to pursue these charges.

Plaintiff also argues that the extraordinary circumstance exception applies, and he also argues that § 18.2-186.4 is flagrantly and patently violative of constitutional provisions.  Plaintiff cites *Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010), which held that a prosecution for violating Virginia Code § 59.1-443.2, which prohibits "intentionally communicating another individual's social security number to the general public," violated the plaintiff's right to political expression under the First Amendment, as applied to plaintiff.  This case is distinguishable because Briggman is not engaged in political speech criticizing the government.  Instead, he is attempting to expose the criminal wrongdoing of his ex-employer.  Moreover, § 18.2-186.4 has an intent requirement (intent to coerce, intimidate or harass another person) not present under § 59.1-443.2. *Ostergren* did not foreclose the possibility that publishing personal information could fall into a category of speech that is unprotected.  615 F.3d at 271 (noting argument that publishing social security numbers could be unprotected speech in some circumstances).

Plaintiff also cites *Sheehan v. Gregoire*, 272 F. Supp. 2d 1135 (W.D. Wash. 2003), which held that a law making the practice of publishing certain public officials' personal identification information illegal was facially unconstitutional.  Both *Sheehan* and *Ostergren* involved different statutes and were not analyzed through the lens of the "flagrantly and patently unconstitutional" requirement for an exception to *Younger*.

At the hearing, plaintiff cited *Tolbert v. City of Memphis*, 568 F. Supp. 1285 (W.D. Tenn. 1983), which held that topless dancers challenging a public decency ordinance on First Amendment grounds had met the extraordinary circumstances exception to the *Younger* doctrine.  Among the

circumstances cited by the court was that the defendant, the City of Memphis, was enforcing the ordinance in a selective and harassing manner.  *Id.* at 1288–89.  Plaintiff does not allege that the defendant in this action, Commonwealth Attorney Martin, is acting in such a manner.  Further, the court noted that any attempt to raise the constitutionality of the ordinance as a defense to state prosecution would be futile because the Supreme Court of Tennessee had previously upheld the constitutionality of the ordinance as adopted by another municipality.  *Id.* at 1290.  In this case, Briggman will have the opportunity raise his constitutional concerns in state court if the need arises.

### III.  CONCLUSION

For the foregoing reasons, the court will grant defendant's motion to dismiss.  The court will issue an appropriate order dismissing this action without prejudice.[2]

Entered: April 22, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] Typically, *Younger* abstention dismissals are with prejudice.  *See Nivens v. Gilchrest*, 444 F.3d 237, 347 (4th Cir. 2006).  There are exceptions, however, including when it is uncertain whether the *Younger* plaintiff will be able to obtain adequate protection in state court.  *Id.* at 347 n.8.  Because plaintiff is pro se, the court will dismiss without prejudice so plaintiff can return to federal court if the procedures in state court prove to be inadequate.  *See Wigley v. Wigley*, Civil Action No. 7:17CV00425, 2018 WL 2172507, at *2 n.3 (W.D. Va. May 10, 2018) (dismissing without prejudice to "avoid any risk of unfair prejudice to the plaintiff" where the plaintiff is "a pro se litigant who claims that the state proceedings do not permit her to adequately protect her rights under federal law").